[Civ. No. 15457. Second Dist., Div. Three. Feb. 11, 1947.]

ALBERT ERNEST KENNEDY, Appellant, v. VERA PAULINE HAMILTON, Respondent.

Richard A. Haley for Appellant.

Francis W. Bunnett and Benjamin Hansen for Respondent.

SHINN, J.—Appeal from an order vacating a default and judgment and permitting defendant to file an answer and cross-complaint in an action to annul a marriage and to have it declared that defendant held certain real and personal property in trust for plaintiff. The default judgment was rendered February 8, 1946, and a motion to vacate it was filed ten days later.

The complaint alleged that plaintiff and defendant entered into a ceremony of marriage on the 9th day of March, 1943; that defendant had previously contracted a marriage with one Leroy Hamilton which had not been dissolved; that her husband was still living, and the facts as to the former marriage were unknown to plaintiff at the time of his purported marriage; that plaintiff deposited with defendant $1,500 and thereafter, while serving in the Merchant Marine, sent to defendant additional sums which brought the total to $6,000, and that he also sent her many articles of personal property, all of which sums of money and articles of property were to be held in trust by defendant for the use and benefit of plaintiff; that defendant used the money to purchase real property, title to which was taken in her own name; that plaintiff returned to the State of California and found defendant living with her said husband, Leroy Hamilton, and then discovered the facts concerning defendant's prior marriage. The prayer of the complaint was for annulment of the marriage and a decree declaring plaintiff to be the owner of the real and personal property described, and requiring defendant to transfer the same to him. Summons was issued and duly published and upon affidavit of publication and mailing of summons and complaint to defendant in care of an attorney at Las Vegas, Nevada, defendant's default was duly entered and the action was brought on for trial as a default. Judgment was given in accordance with the prayer of the complaint. The several items of personal property were valued in the complaint and in the judgment at prices which brought the total amount to approximately $2,000, and the judgment ordered the return thereof to plaintiff. A writ of assistance was issued upon the judgment and upon its being served defendant employed attorneys, who made a motion to vacate the default and judgment upon the grounds of mistake, inadvertence, surprise and excusable neglect, and that the summons had not been personally served upon defendant. The motion was supported by the affidavit of defendant, in which she averred that summons

and complaint had not been personally served upon her; that she had never received a copy of the same by mail or otherwise and had no knowledge of the pendency of the action until the service of the writ of assistance. With the affidavit were presented defendant's verified answer and cross-complaint. By the answer defendant admitted her marriage to Hamilton and that the same had not been dissolved at the time of her purported marriage to plaintiff, and she denied all the material facts of the complaint with reference to the property. She admitted having received $1,200 from plaintiff, but alleged that she had returned the same; denied that any part of the money had been used in the purchase of the real property and alleged that the property had been purchased wholly with money received from her two sons, who were in the service. Corroborative affidavits were filed by the sons with reference to the funds used in the purchase of the property. Defendant's answer alleged further that the articles of personal property, with one exception, were presented to her as gifts. An affidavit of merits was filed with the notice of motion. It is conceded in the briefs that at the time of the hearing of the motion the court proposed to counsel that they agree that the judgment be vacated upon the issue of the property alone and that plaintiff's counsel declined to agree to such an order. Following this the order appealed from was made.

It appeared without conflict from the affidavits that defendant had not been personally served with a copy of the summons and complaint. Section 473a of the Code of Civil Procedure reads: "When from any cause the summons in an action has not been personally served on the defendant, the court may allow, on such terms as may be just, such defendant or his legal representatives, at any time within one year after the rendition of any judgment in such action, to answer to the merits of the original action." █ Appellant's attack upon the order is directed against the sufficiency of the showing of mistake, inadvertence, surprise or excusable neglect under section 473, and the charge is made generally that defendant's conduct in the matter has been such as to bar any right on her part to equitable relief at the hands of the court. As to the latter point, it may be granted that defendant made no showing of any right to be heard upon the issue of the validity of the marriage, but plaintiff makes no attack upon this portion of the order. Furthermore, as stated, plaintiff declined

the court's proposal that the parties agree to an order that the judgment be vacated only as to the property issues and should not now be heard to complain that the order was in broader terms than it should have been.

Defendant's application for relief was made promptly and she made a sufficient showing that she had a meritorious defense so far as the property issues were concerned. The order was a proper exercise of the court's discretion under section 473a. No reason has been advanced why it was not entirely just and proper for defendant to be granted an opportunity to prove, as she alleged, that the real property was not purchased with funds entrusted to her by plaintiff but wholly with funds supplied by her sons, and that this was done under an agreement that she would hold title for their use and benefit. Under the allegations of her answer defendant alleged a meritorious defense to the cause of action for the return of the personal property, both as to the question of title and the question of value.

The contention that defendant made an insufficient showing under section 473 to justify the order is one that need not be decided, since the order was properly made under the authority of section 473a. However, we have examined the affidavits and the answer and find the same to be sufficient to sustain an order vacating the default and judgment under section 473.

The order is affirmed.

Desmond, P. J., and Wood, J., concurred.